# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 97-30534
Summary Calendar

REGGIE ANNE WYATT,

Plaintiff-Appellant,

versus

WAL-MART STORES, INCORPORATED, ET AL.,

Defendants,

WAL-MART STORES, INCORPORATED,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Louisiana
(95-CV-422)

March 4, 1998

Before POLITZ, Chief Judge, DAVIS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Reggie Anne Wyatt appeals the jury's award of general damages, alleging

that the award is inadequate. For the reasons assigned, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wyatt filed suit against Wal-Mart Stores, Inc. for injuries allegedly sustained when two Wal-Mart employees caused one or more plastic garbage cans to fall on her. In January 1996 the case was tried to a jury which returned a verdict in favor of Wyatt, awarding $8,072 for past and future medical expenses and $10,000 for general damages. Wyatt moved for a new trial on the basis of juror misconduct, also asserting that the general damages award was inadequate. The trial court denied the motion and Wyatt timely appealed.

On appeal we remanded for an evidentiary hearing on the juror misconduct issue. The parties consented to a trial by a magistrate judge and the case was reassigned. After conducting an evidentiary hearing, the magistrate judge granted Wyatt's motion for a new trial on the basis of juror misconduct.

The case was again tried before a jury in April 1997. This jury returned a verdict in favor of Wyatt, awarding $10,000 for past and future medical expenses and $5,000 for general damages. Wyatt timely appealed, alleging that the general damages award is against the weight of the evidence and should be increased.

Although Wal-Mart does not raise the question, at the outset we must determine whether Wyatt's claim that the general damages award is inadequate was raised below and thus is properly before us.[1] We have held that "there can be no

---

[1] **Harden v. United States**, 688 F.2d 1025 (5th Cir. 1982).

appellate review of allegedly excessive or inadequate damages if the trial court was not given the opportunity to exercise its discretion on a motion for new trial."[2] Wyatt did not move for judgment as a matter of law or a new trial on the verdict currently appealed.[3] Because the issue was not raised in the trial court, we have no basis for reviewing its exercise of discretion, and therefore no basis for reviewing the adequacy of the damages.[4] Our review in this appeal is limited to whether plain error has been committed which, if not noticed, would result in a manifest miscarriage of justice.[5] Giving due deference to the jury's essential role in weighing conflicting evidence and determining the relative credibility of the witnesses, we must find and conclude that the award is supported by sufficient evidence and that plain error does not exist.

The judgment appealed is AFFIRMED.

---

[2] **Carlton v. H.C. Price Co.**, 640 F.2d 573, 577 (5th Cir. 1981).

[3] Wyatt's challenge to the adequacy of the initial damage award was rendered moot by the grant of a new trial.

[4] **Bueno v. City of Donna**, 714 F.2d 484 (5th Cir. 1983).

[5] **Polanco v. City of Austin, Tex.**, 78 F.3d 968 (5th Cir. 1996).